WIGGINTON, Judge.
Appellants, plaintiffs below, appeal a final summary judgment entered in favor of *985 appellee in this medical malpractice action. They also appeal a final judgment ordering them to pay, pursuant to section 768.56, Florida Statutes (1983), the attorney’s fees and costs incurred by appellee. We reverse both judgments.
In his motion for summary judgment, appellee declared that the issue raised by the second amended complaint is whether appellee “improperly performed a sonogram examination” upon appellant, Mrs. Wiggins “such that he failed to diagnose that [her] daughter would be born with a certain neurological defect.” He asserted that appellants had no competent medical opinion testimony to support their claim that appellee’s medical care fell below prevailing professional standards. In support of his motion, appellee produced the affidavit of a physician who unquestionably is an expert in diagnostic obstetrical ultrasonic examinations. That expert, however, merely stated that appellee met with acceptable and appropriate standards of medical care in regard to his performance and reporting of his ultrasound examinations upon Mrs. Wiggins and that “one could have been unable to identify and/or locate an encephalocele” at that stage of the pregnancy [emphasis supplied]. He did not address the question of the level of testing that appellee had a duty to perform upon Mrs. Wiggins or to at least offer appellants in order to obtain a complete and appropriate evaluation of their fetus. However, that issue was raised in appellants’ second amended complaint in their allegations that they had engaged appellee to examine Mrs. Wiggins through diagnostic ultrasound to assess their fetus for the purpose of obtaining “a complete and appropriate evaluation of their fetus” but the ultrasound film obtained by appellee “did not contain adequate views of the fetal head and spine from which an informed diagnosis and opinion could be rendered....”; thereupon, appellee failed to discover that the fetus suffered from a large cystic structure attached to the base of her brain, which caused her to be born brain damaged, retarded and crippled. Appellants’ medical expert provided some support for their position on this issue which may or may not prove credible to the trier of fact. He expressed the view that appel-lee was negligent in failing to employ more advanced or thorough testing procedures under the circumstances of this case or in failing to at least apprise appellants of the availability of such testing. As a retired obstetrician/gynecologist who is experienced in referring obstetrical patients for such testing and in- receiving the results of such testing for evaluations of patients’ fetuses, he appears to be qualified under section 768.45(2)(c)2., Florida Statutes, (1985) to provide an opinion on this issue even though he may not be qualified, as the trial judge found, to provide expert opinion testimony in regard to the intricacies of the performance of ultrasound examinations, as is appellee’s expert. Consequently, his opinion was not overridden by appellee’s expert especially in summary judgment proceedings, when appellee’s expert did not even address this pending issue. Therefore, summary judgment was improper in this case since a disputed question of fact clearly still exists as to what level of diagnostic testing appellee had a duty to perform upon appellant, Mrs. Wiggins.
Since the summary judgment in favor of appellee is hereby reversed, the award of attorney’s fees to him as the prevailing party, pursuant to section 768.56, Florida Statutes (1988), is also reversed.
Appellants have also challenged the trial judge’s denial of their motion for leave to file a third amended complaint. We find no abuse of the trial judge’s broad discretion on this issue, under the circumstances as they existed at that time. However, considering the changed status of this case after appeal, we recognize that, upon remand, the trial judge may be amenable to reconsideration of a motion for leave to file a third amended complaint.
REVERSED and REMANDED for further proceedings.
SMITH, J., and WENTWORTH, Senior Judge, concur.